C. E. CONOVER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9830.    Promulgated September 6, 1927.

The cost of stock which by the evidence is shown to be worthless within the taxable year may be deducted as a loss sustained.

*Nathan Feinberg, C. P. A.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

This proceeding results from the determination by respondent of a deficiency in excess-profits and income taxes for the calendar year 1921, amounting to $1,816.25.

Petitioner avers error was committed with relation to the following issues: (1) Failure to allow a deduction from income of a loss of $7,000 representing an investment in stock which became worthless in 1921; (2) invested capital for 1921 was reduced by respondent by the amount of the income tax for the prior year, prorated, whereas it should not be so reduced.

FINDINGS OF FACT.

Petitioner is a New Jersey corporation, with principal offices in New York, N. Y.

At the end of the calendar year 1921 petitioner was the owner of 75 shares of the preferred and 72 shares of the common capital stock of Gordon Suspender Co., Inc., a New York corporation organized in 1909. All of this stock was purchased by petitioner for cash in May, 1920, at a cost of $7,000. Upon purchasing the stock, the petitioner became the selling agent for the Suspender Company and acted in that capacity until July, 1921, when petitioner decided the agency was unprofitable due to the decline in demand for suspenders and its inability to collect from the Suspender Company the commissions amounting to $1,043.65 due on sales. Petitioner endeavored to

dispose of its holdings of the capital stock of the Suspender Company during the year 1921 but was unsuccessful. Careful investigations were made in 1921 by the officers of the petitioner, which convinced them that the stock of the Suspender Company was worthless, and an entry was made on the books charging to profit and loss the investment in the stock. The account receivable for commissions due from the suspender company was charged to profit and loss in 1921.

The Gordon Suspender Co., Inc., was advised in July, 1921, that petitioner would no longer act as its selling agent, and during the year that petitioner would withdraw its selling and financial support. This action was considered to mean the end of the Suspender Company, since it had no other outlet for its product, was insolvent due to heavy declines in the market prices of its inventories, and could not realize on its assets. It was determined in December, 1921, by the Suspender Company to complete a contract then one-fourth completed with the United Cigar Stores Co. and thereafter to liquidate the business. The contract was completed in the middle of 1922. The merchandise and equipment of the Suspender Company were placed in storage after completion of the United Cigar Stores Co. contract to await the possibility of a sale. Such assets as could be sold were disposed of in 1922, and the balance in 1923. After liquidation liabilities of about $600 remained and were paid off by cash contributed by two stockholders. Nothing remained for distribution to the stockholders. The sales of the Suspender Company amounted to $14,313.10 in 1920, $14,531.85 in 1921, and $6,870.00 in 1922, of which $4,882.60 was for contract goods mentioned above.

The books reflected the following assets, liabilities and capital stocks:

| | Dec. 31, 1920 | Dec. 31, 1921 | | Dec. 31, 1920 | Dec. 31, 1921 |
|---|---|---|---|---|---|
| **ASSETS** | | | **LIABILITIES** | | |
| Cash on hand | $559.35 | $413.36 | Amounts payable | $3,001.83 | $2,243.89 |
| Accounts receivable | 2,337.70 | 2,247.89 | Notes payable | 4,350.00 | 4,000.00 |
| Merchandise | 16,228.62 | 10,345.47 | Preferred stock | 15,000.00 | 15,000.00 |
| Machinery and tools | 1,254.50 | 1,060.50 | Common stock | 3,600.00 | 3,600.00 |
| Unexpired insurance | 56.43 | 102.35 | | | |
| Trade-marks and patents | 1,500.00 | 1,500.00 | Total liabilities and capital stock | 25,951.83 | 24,843.89 |
| Total assets | 21,936.60 | 15,669.57 | Deficit | 4,015.23 | 9,174.32 |

Inventories at December 31, 1920, and December 31, 1921, were taken at cost. The fair market value of the inventories on December 31, 1921, was less than 15 per cent of the cost.

The patent expired in 1921, and was not considered sufficiently valuable to renew.

The following tabulation indicates the year of sale and the sum realized therefrom for merchandise and machinery:

|  | Book value | Sold for | Year sold |
|---|---|---|---|
| Suspenders | $2,051.02 | $369.07 | 1922 |
| Webbing | 2,128.44 | 305.47 | 1922 |
| Trimming | 4,632.56 | 700.00 | 1923 |
| Boxes and sundries | 1,497.48 | 17.00 | 1922 |
| Tools and machinery | 1,060.50 | 35.00 | 1923 |

OPINION.

MILLIKEN: The second issue is disposed of by the provisions of section 1207 of the Revenue Act of 1926 which sustains the determination of the respondent. *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

The remaining issue concerns the year in which a deduction from income may be taken on account of the loss of an investment by petitioner in the capital stock of another corporation which became insolvent and was liquidated. It is not denied by respondent that a deduction of the cost may be taken for stock which becomes worthless, but respondent contends that the stock under consideration has not been established to have become worthless in 1921. Consequently, he disallowed the deduction of $7,000 claimed.

From the facts it is apparent that at the close of the year 1921, the financial and commercial position of the Gordon Suspender Co. was valueless and hopeless. It had an inventory valued at cost which could not be disposed of except at a great sacrifice. The fair market value of its inventory at the close of the year 1921 was less than 15 per cent of the cost. Its balance sheet showed it to be involved financially. It had defaulted in payments of its current obligations and the petitioner, its selling agent, had advised the Suspender Company that it would no longer sell its product. It was definitely decided in the year 1921 to complete a contract and dissolve. It did this. The respondent is reversed. The stock which petitioner held in the Gordon Suspender Co. represented a total loss in the year 1921. Cf. *Joslyn Manufacturing & Supply Co.* v. *Commissioner*, 6 B. T. A. 749; *Henry M. Jones* v. *Commissioner*, 4 B. T. A. 1286; *J. J. Melick* v. *Commissioner*, 6 B. T. A. 70.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MARQUETTE, PHILLIPS, and VAN FOSSAN.